IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cr.A.No.: 07-155-GMS |
| SEALED DEFENDANT, | ) |
| | ) |
| Defendant. | ) |

<u>NOTICE OF MOTION</u>

PLEASE TAKE NOTICE the attached Motion For a Variance From Sentencing Guidelines will be heard by The Honorable Gregory M. Sleet at a time convenient for Court and counsel.

_____
Edmund Daniel Lyons - 0881
Attorney for Defendant
1526 Gilpin Avenue
P. O. Box 579
Wilmington, Delaware 19899
(302) 777-5698

Dated: December 2, 2009

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cr.A.No.: 07-155-GMS |
| SEALED DEFENDANT, | ) |
| | ) |
| Defendant. | ) |

MOTION FOR A
VARIANCE FROM SENTENCING GUIDELINES

COUNSEL FOR THE DEFENDANT, moves the Court for a Variance from his Guideline Sentence as calculated by the Pre-Sentence Officer. Defendant does not dispute that the Pre-Sentence Officer's Guideline calculation is correct. This Motion is based on all sentencing factors previously brought to the Court's attention as well as the following:

1. Defendant stands before the Court convicted on his pleas of guilty to multiple count indictments returned both in the District of Delaware and in the District of Massachusetts in 2007 and in 2008. The offenses of conviction include violations of Federal law prohibiting certain U.S. trade with Iran, export of designated military goods from the United States without a license, conspiracy to commit such offenses and money laundering.

2. The charges are based upon activities of Defendant, a citizen of Iran, when he was residing in Iran, he believed, communicating with others acting on behalf of American exporters who were willing to ship to Iran in violation of the substantive provisions of law set forth above. In addition, Defendant pled

guilty to money laundering based upon his transport into the United States of funds in furtherance of the substantive offenses.

3. Unbeknownst to Defendant, he was not dealing with American exporters but rather with undercover agents of the Bureau of Immigrations, Customs and Enforcement.

4. Defendant has been in custody since October 2, 2007. He was arrested and first held in custody by agents of ICE when he, Defendant, traveled from Iran to further the offenses with which he has been charged. He was brought to this country, in custody, on or about January 30, 2008. Since that date he has been held in the maximum security Special Housing Unit (SHU) of the Federal Detention Center in Philadelphia.

5. Being detained in the SHU Defendant has, for the most part, been confined to his cell 23 hours a day and limited in contact with other inmates. He has had limited access to bathing facilities. Defendant has now been held in the SHU for a period of 22 months. He has been held in custody overall a total of 26 months.

6. While in custody in the SHU, due to pre-existing dental problems, Defendant has lost 5-6 of his teeth. Several other teeth are at risk at present. Because the Bureau of Prisons does not provide restorative dentistry to inmates, nothing really could be done to halt the advance of these pre-existing problems short of removal of any affected teeth. To date, Defendant has declined this treatment.

7. Also, while in custody in the SHU, due to the conditions of his confinement and his uncertain future, Defendant has been diagnosed with clinical depression which is being treated with medication. This is not surprising:

> While the extent of defendant's physical deterioration may not have been extreme, the impact on his mental health has been severe. Defendant's descriptions of the negative psychological consequences he has suffered comport with cases and studies addressing the harsh impact that prolonged solitary confinement may have on an inmate's mental health.

United States v. Brooks 2008 WL 4693335, 4 (E.D.N.Y.,2008)

8. The conditions of his confinement in the SHU, as set forth above, have imposed a far greater burden than usual on Defendant compared to one who has been detained in population. Such conditions in the SHU may be considered by the Court in fashioning an appropriate sentence. United States v. Brooks, 2008 WL 4693335, 4 (E.D.N.Y. 2008)

9. Defendant's Motion for a Variance from the Sentencing Guidelines is based not only the conditions of his confinement in the SHU to date, as set forth above, but on the following.

10. Other than on his trip when he was arrested, Defendant had never left the Republic of Iran. It is not disputed that Defendant's activities constituting the offenses to which he has pled guilty, were in violation of the laws of the United States and that Defendant knew this. However, Defendant's actions did not constitute a violation of the laws of his native country, Iran; in

fact, as set out in the Pre-Sentence Report, Defendant was acting indirectly on behalf of the Government of Iran as he sought exports from the United States.

11.  At the time of his arrest, Defendant had been married to his wife for approximately 18 months. He had no children, although he and his wife plan to start a family when this litigation is behind him.

12.  Since his incarceration, Defendant has had limited contact with his family, all but one of whom remain in Iran. He has seen his wife in person while in custody several times. He has spoken with his family in Iran by telephone perhaps 10 times since his incarceration.

13.  In short, before the Court is a young man with no prior criminal record who acted on behalf of his Government but violated the laws of the United States -- a place he had never been before being arrested. He has been separated from his family for two years and save for his wife, may never see his family again. His incarceration to date has been served under harsh conditions at least for the amount of time involved. Surely he has been punished enough for his offenses and has earned the right to request a sentence of time served.

_____
Edmund Daniel Lyons - 0881
Attorney for Defendant
1526 Gilpin Avenue
P. O. Box 579
Wilmington, Delaware 19899
(302) 777-5698

Dated: December 2, 2009

**AFFIDAVIT OF MAILING**

I, Donna L. Hendricks, secretary for Edmund Daniel Lyons, Esquire hereby certifies that on this 2nd day of December, 2009, I caused a copy of the attached: Motion For Variance From Sentencing Guideline, to be delivered by hand to the following:

David L. Hall, AUSA
1007 Orange Street, #700
P. O. Box 2046
Wilmington, DE  19899


*Donna L. Hendricks* (signature)
Donna L. Hendricks